UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JAMES J. MORAN,

                Plaintiff,

        v.

DR. LEBOWITZ, CORINNE POSLUSZNY and
ERIE COUNTY HOLDING CENTER,

              Defendants.

_____

<u>DECISION & ORDER</u>

10-CV-6178CJS

On July 19, 2010, *pro se* plaintiff James Moran filed an amended complaint pursuant to 42 U.S.C. § 1983 alleging that defendants denied him medical care in violation of the Eighth Amendment. (Docket # 6). Plaintiff previously requested that this Court appoint counsel for this case on August 26, 2011 (Docket # 16), which the Court denied without prejudice (Docket # 19). Pending before the Court is plaintiff's second motion for appointment of counsel. (Docket # 28).

It is well-settled that there is no constitutional right to appointed counsel in civil cases. Although the Court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e), *see, e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

    1.      Whether the indigent's claims seem likely to be of substance;

2.      Whether the indigent is able to investigate the crucial facts
        concerning his claim;

3.      Whether conflicting evidence implicating the need for
        cross-examination will be the major proof presented to the
        fact finder;

4.      Whether the legal issues involved are complex; and

5.      Whether there are any special reasons why appointment of
        counsel would be more likely to lead to a just
        determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802

F.2d 58 (2d Cir. 1986).

        The Court must consider the issue of appointment carefully, of course, because

"every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer

lawyer available for a deserving cause."  *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d

Cir. 1989).  Therefore, the Court must first look to the "likelihood of merit" of the underlying

dispute, *Hendricks v. Coughlin*, 114 F.3d at 392; *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at

174, and "even though a claim may not be characterized as frivolous, counsel should not be

appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are

therefore poor."  *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001)

(denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared

to have little merit).

        The Court has reviewed the facts presented herein in light of the factors required

by law and finds, pursuant to the standards promulgated by *Hendricks*, 114 F.3d at 392, and

*Hodge v. Police Officers*, 802 F.2d at 58, that the appointment of counsel is not necessary at this

time.  As stated above, a plaintiff seeking the appointment of counsel must demonstrate a likelihood of success on the merits.  *See id.*  Plaintiff provides much more detail in his second motion than in his first to suggest the merits of his claim, highlighting the seriousness of his injuries.  However, the Court must analyze the likelihood of *success* of plaintiff's claim, not its seriousness.  To succeed on a claim of deliberate indifference, a plaintiff must show both that the alleged deprivation of medical attention was "sufficiently serious" and that the charged official acted with a "sufficiently culpable state of mind."  *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994).  In this case, plaintiff alleges that a five-day delay in the prescription of antibiotics for his skin condition constituted deliberate indifference to a serious medical need.  Plaintiff has not demonstrated that he is likely to prevail in showing that defendants acted with the requisite culpable state of mind.  *See Shire v. Alves*, 8 F. Supp. 2d 225, 227 (W.D.N.Y. 1998) (declining to appoint counsel for inmate-plaintiff's claim of deliberate indifference where complaint lacked evidence of prison official's culpable mental state).

Moreover, the legal issues in this case do not appear to be complex.  Additionally, plaintiff may use discovery to investigate the crucial facts concerning his claim.  Finally, plaintiff's case does not appear to implicate the need for extensive cross-examination or present any special reasons that would justify the assignment of counsel.  It is therefore the Decision and Order of this Court that plaintiff's motion for the appointment of counsel **(Docket # 28)** is

**DENIED without prejudice** at this time.  It is the plaintiff's responsibility to retain an attorney

or press forward with this lawsuit *pro se*.  28 U.S.C. § 1654.

**IT IS SO ORDERED.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
May __17__, 2012