UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JAMES J. MORAN,

                Plaintiff,

      v.

DR. LEBOWITZ, et al.,

                Defendants.
_____

<u>REPORT & RECOMMENDATION</u>

10-CV-6178CJS

        Plaintiff James J. Moran ("Moran") filed this action *pro se* under 42 U.S.C. § 1983, asserting that defendants were deliberately indifferent to his medical needs. (Docket # 6). Currently pending before the Court is Moran's motion for leave to file a second amended complaint. (Docket #17). By Order of the Hon. Charles J. Siragusa, United States District Judge, dated April 21, 2011, all pretrial matters in the above-captioned case were referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket # 9).

        For the reasons discussed below, I recommend that his motion to amend be denied without prejudice.

## <u>FACTUAL BACKGROUND</u>

        Moran filed the pending lawsuit on March 29, 2010. (Docket # 1). By Order dated June 16, 2010, Moran was advised that his complaint would be dismissed without prejudice unless he filed an amended complaint that complied with the pleading requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure. (Docket # 5). On July 19, 2010, Moran

filed an amended complaint against Erie County Holding Center ("ECHC"), Corrine Posluszny ("Posluszny") and Dr. Lebowitz ("Lebowitz"). (Docket # 6). The district court determined that the amended complaint adequately pleaded a claim against the defendants for deliberate indifference to his medical needs. (Docket # 7).

Specifically, Moran alleged that he contracted a skin infection known as "MRSA" (Methicillin-resistant Staphylococcus Aureus) while detained at ECHC in August 2008. (Docket # 6 at 5). According to Moran, between August 5, 2008 and August 8, 2008, he sought medical treatment for a sore on his abdomen. (*Id.*). Moran alleges that he was examined by Lebowitz on August 8, 2008, and by Posluszny on August 9, 2008. (*Id.*). Moran contends that Posluszny dismissed his concerns regarding MRSA. (*Id.*). According to Moran, he also requested outside medical care, but his request was denied. (*Id.* at 5-6). Moran alleges that he was later diagnosed with MRSA by an outside medical provider. (*Id.* at 7). Defendants' failure to diagnose and treat his infection purportedly resulted in scarring on his abdomen, ribs and knee. (*Id.*). Attached to the amended complaint are a number of grievances submitted by Moran dated August 11, 2008 through August 15, 2008, requesting treatment for MRSA. (*Id.* at 9-15).

On September 12, 2011, Moran filed a proposed second amended complaint that seeks to name four defendants – Donald Livingston, Steven Swarnpazi, Douglas Bienko and Paulette Hill – and add claims for medical malpractice and negligence.[1] (Docket # 17). The proposed second amended complaint does not contain many of the factual allegations set forth in

---

[1] The proposed amended complaint, which includes legal arguments in support of the claims, was docketed as a motion to amend, and this Court issued a motion scheduling order. (Docket # 20). For inexplicable reasons, the motion did not appear until recently on this Court's subsequent Civil Justice Reform Act reports of fully-submitted, decision-ready motions, and this Court regrettably was unaware of the need to decide the motion.

the first amended complaint.  On October 11, 2011, Young re-filed the same version of the proposed second amended complaint, but included various documents as attachments.  (Docket # 22).  The attachments appear to include notes from Moran's medical file and some of the grievances that were attached to his amended complaint.  (*Id.* at 7-15).  Also attached is an email communication between Donald Livingston and Joseph Usinski dated August 15, 2008.  (*Id.* at 16).

Defendants oppose the motions on two grounds.  (Docket # 24).  First, they contend that Moran is prohibited from pursuing any state law claims against them because they are county employees and Moran failed to file a Notice of Claim as required by New York Law.  (*Id.* at ¶¶ 9-12).  In addition, defendants contend that although Moran has proposed to add several defendants to the caption of the action, he has failed to allege any facts about them in his proposed second amended complaint.  (*Id.* at ¶¶ 13-15).  Thus, defendants maintain, Moran's motion to amend should be denied in its entirety.  (*Id.*).

In reply, Moran concedes that he is not seeking to add any state law claims against the defendants and confirms his desire to pursue claims against them for violating his First and Eighth Amendment rights.  (Docket # 29 at 1).  Moran has also submitted various additional exhibits in support of his proposed second amended complaint, some of which were previously attached to either the amended complaint or the proposed second amended complaint.  (*Id.* at 2-60, 67-70).[2]  One of the attachments is a document entitled "Statement of Facts" that identifies

---

[2] A number of the exhibits are submitted in duplicate.  (Compare *id.* at 3-5 and 6-8; 9-12 and 13-16; 17-19 and 20-22; 23, 24, 25 and 26; 27 and 28; 29-44 and 45-60).

six individuals as proposed defendants whom he had not previously named[3] and asserts

additional factual allegations against most of the defendants. (*Id.* at 1, 61-63). Other exhibits

include a form indicating a denial of his request to take photographs to document his injuries (*id.*

at 23-26), a diagram of his injuries (*id.* at 27-28), excerpts from an investigation by the Civil

Rights Division of the United States Department of Justice concerning environmental health and

safety conditions at ECHC and ECCF (*id.* at 29-60) and medical documents pertaining to another

inmate (*id.* at 67-71).


## **DISCUSSION**

Under Rule 15(a) of the Federal Rules of Civil Procedure, once the time for

amending a pleading as of right has expired, a party may request leave of the court to amend,

which "[t]he court should freely give . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). If

the underlying facts or circumstances relied upon by the party seeking leave to amend may be a

proper subject of relief, the party should be afforded the opportunity to test the claim on its

merits. *See United States ex rel. Maritime Admin. v. Cont'l Ill. Nat'l Bank & Trust Co. of Chi.*,

889 F.2d 1248, 1254 (2d Cir. 1989). If the amendment proposed by the moving party is futile,"it

is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d

129, 131 (2d Cir. 1993) (per curiam).

"An amendment to a pleading is futile if the proposed claim could not withstand a

motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Lucente v. Int'l Bus. Machs. Corp.*, 310

---

[3] Specifically, Moran seeks to add the following defendants: Deputy Lysarz; Joseph Usinski; Deputy McCarthy; Timothy Howard; Lisa Jenkins; and Robert Koch. (*Id.* at 61-63).

F.3d 243, 258 (2d Cir. 2002) (citing *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*,

282 F.3d 83, 88 (2d Cir. 2002)).  Rule 8(a) of the Federal Rules of Civil Procedure requires that

the complaint contain "a short and plain statement of the claim showing that the pleader is

entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The purpose of Rule 8 is to give the defendant fair

notice of the claim plaintiff is asserting and the factual basis for the claim.  *Erickson v. Pardus*,

551 U.S. 89, 93 (2007).  To avoid dismissal, the proposed amended claim must contain

"sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007)).

      The *Twombly* "plausibility standard" applies even to complaints brought by *pro se*

litigants.  *Sowell v. Chappius*, 695 F. Supp. 2d 16, 18 (W.D.N.Y. 2010).  Nevertheless, "[a]

document filed *pro se* is 'to be liberally construed' and 'a *pro se* complaint, however inartfully

pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"

*Erickson v. Pardus*, 551 U.S. at 94 (internal citation omitted).  "[A]ll pleadings, *pro se* or

otherwise, must contain enough factual allegations to 'give the defendant fair notice of what the

... claim is and the grounds upon which it rests.'"  *Sowell v. Chappius*, 695 F. Supp. 2d at 18

(omission in original) (quoting *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008)).

      Thus, although some leniency is to be afforded to *pro se* litigants, they are not

relieved of the obligation to comply with the pleading requirements of the Federal Rules of Civil

Procedure.  *White v. Drake*, 2011 WL 4478921, *6 (N.D.N.Y. 2011).  "Stated more simply, when

a plaintiff is proceeding *pro se*, all normal rules of pleading are not absolutely suspended."  *Id.*

(internal citation omitted).  In addition, although the court is required to "draw the most favorable

inferences that [the plaintiff's] complaint supports, [it] cannot invent factual allegations that he has not pled." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

Even considering the liberal standard under Rule 15(a), as well as Moran's *pro se* status, I conclude that Moran's proposed amended complaint is inadequate.[4]  It simply does not satisfy the pleading requirements of Rule 8(a) because it does not provide the defendants with adequate notice of the factual basis of Moran's claims against them.

As an initial matter, Moran's proposed second amended complaint fails to repeat many of the allegations set forth in his first amended complaint.  Under the local rules, an amended complaint completely replaces the earlier complaint.  *See* W.D.N.Y. Local Rule 15(a) ("[t]he proposed amended pleading must be a complete pleading superseding the original pleading in all respects").  Thus, if Moran were granted leave to amend, his allegations would consist only of those contained in the proposed second amended complaint.  *See Arce v. Walker*, 139 F.3d 329, 332 n.4 (2d Cir. 1998) (declining to consider claim asserted only in earlier *pro se* complaint and not in amended complaint); *International Controls Corp. v. Vesco*, 556 F.2d 665, 558 (2d Cir. 1977) ("[i]t is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect"), *cert. denied*, 434 U.S. 1014 (1978).  Although the proposed second amended complaint reiterates some of the facts relating to the alleged failure of the medical staff at ECHC to treat Moran's medical condition, it contains no facts identifying which of the defendants were involved in the alleged inadequate medical treatment and how they were involved.  The only defendant-specific allegation in the entire proposed complaint is a

---

[4]  Moran's motion to add new defendants is governed by Rule 20(a) of the Federal Rules of Civil Procedure, which relates to joinder of additional parties.  Fed. R. Civ. P. 20(a).  Because Moran's proposed amended complaint is otherwise inadequate, however, I do not address Rule 20(a).

6

reference to a letter from Usinski to Livingston stating that "Deputy McCarthy has observed inmate Moran [p]icking at his sores and squeezing puss from them in the . . . recreation yard."[5] (Docket # 22 at 5). The remainder of the allegations in the proposed second amended complaint are legal assertions or conclusions.

In other words, other than the caption and the single reference to Livingston, the proposed second amended complaint does not mention the names of the four defendants Moran seeks to add. In short, he has not provided them with any notice of "what the . . . [plaintiff's] claim is and the ground upon which it rests." *Erickson*, 551 U.S. at 93 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555).

As indicated above, in reply to defendants' opposition, Moran has submitted a "Statement of Facts," which he contends amplifies his claims against the four defendants named in the proposed second amended complaint and the six new defendants. (Docket # 29 at 61-63). At this stage in the litigation, Moran's factual allegations against the defendants are contained in several separate pleadings and documents, including his amended complaint, his proposed second amended complaint and his reply "Statement of Facts." The defendants should not be required to respond to piecemeal pleading. *See White v. Drake*, 2011 WL 4478921 at *8 ("proscription against piecemeal pleadings is not just a formality, but is supported by several practical justifications"). Moreover, a review of the "Statement of Facts" reveals that although it contains specific allegations relating to the alleged wrongful conduct of some of the defendants,

---

[5] Based upon the exhibits attached to the proposed complaint, this "letter" appears to be an email communication. (*Id.* at 16).

it fails to reference other defendants at all or provide them with any notice of what Moran contends they did wrong.[6]

Finally, Moran has attached many exhibits and attachments to the "Statement of Facts," apparently in the mistaken belief that exhibits may be a substitute for factual allegations in the complaint. Yet, "[a]ttaching documents without providing the facts to support [a plaintiff's] claims is not sufficient." *See Antrobus v. City of New York, Dep't of Sanitation*, 2012 WL 6675387, *3 (E.D.N.Y.), *report and recommendation adopted by*, 2012 WL 6675168 (E.D.N.Y. 2012); *see also Casey v. Pallito*, 2013 WL 682809, *2 (D. Vt.) ("[a]lthough *pro se* filings are construed liberally, the mere submission of documents filed independently from the complaint does not supplement the complaint"), *report and recommendation adopted in part by*, 2013 WL 682800 (D. Vt. 2013). The defendants cannot be expected to comb through these documents and guess which claims Moran is making and which facts Moran will rely upon in support of his claims.

The allegations in Moran's amended complaint previously were determined to sufficiently state a cause of action against defendants Lebowitz, Posluszny and ECHC. (Docket # 7). Reviewed together, Moran's amended complaint, the proposed second amended complaint, the "Statement of Facts" and the documents Moran has attached to his proposed pleadings suggest that Moran may have a plausible claim against at least some of the defendants whom he seeks to add to this action. Accordingly, I recommend that Moran be given an opportunity to replead his proposed second amended complaint.

---

[6] For example, the "Statement of Facts" does not set forth any factual allegations concerning Bienko or Lysarz. (Docket # 29 at 61-63). In addition, although it refers to Livingston, Howard, Koch, Jenkins, Swarnpazi and Hill, it contains sparse and conclusory allegations against them, at best. (*Id.*).

If Moran wishes to amend, he should incorporate into a proposed Second Amended Complaint all of the claims he wishes to assert and all of the allegations he wishes to include in support of those claims. Moran is cautioned that only the allegations contained in that proposed complaint will be considered. In addition, Moran should not rely upon documents he has attached to his complaints to provide factual allegations against the defendants, but should include any of those facts in his proposed complaint. Moran should also clearly identify each of the defendants against whom he wishes to assert claims and include factual allegations describing the conduct on which the claims against each is based. The allegations in the proposed second amended complaint should be clear and concise and provide each defendant with sufficient notice to understand and respond to the claims against him or her.

If the district court agrees that Moran should be given leave to replead, but he does not do so, the operative complaint will remain Moran's Amended Complaint against defendants Lebowitz, Posluszny and ECHC. (Docket # 6). While this report and recommendation is pending with the district court, the parties shall proceed with any remaining discovery relating to Moran's claims against those three defendants pursuant to this Court's January 25, 2013 scheduling order.

## **CONCLUSION**

For the reasons discussed above, I recommend that the district court deny Moran's motion to amend the complaint. (Docket # 17). I also recommend that the district court grant Moran leave to replead a proposed second amended complaint.

_s/Marian W. Payson_
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
       March   27  , 2013

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b), 6(a) and 6(d) and Local Rule 72(b).

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See e.g. Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "written objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72(b), or with the similar provisions of Rule 72(a) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

**IT IS SO ORDERED.**

       *s/Marian W. Payson*

       MARIAN W. PAYSON
       United States Magistrate Judge

Dated: Rochester, New York
      March   27  , 2013