UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JAMES J. MORAN

                              Plaintiff,

         v.

DONALD LIVINGSTON, et al.,

                              Defendants.
_____

                        DECISION & ORDER

                        10-CV-6178W

**Motion to Appoint Counsel**

        On October 22, 2013, *pro se* plaintiff James J. Moran ("plaintiff") filed a Second Amended Complaint pursuant to 42 U.S.C. § 1983. (Docket # 50). Currently before this Court is plaintiff's third request for appointment of counsel. (Docket # 62). The Court previously denied those requests, and does so again largely for the same reasons articulated in the earlier decisions. (*See* Docket ## 19, 34).

        It is well-settled that there is no constitutional right to appointed counsel in civil cases. Although the Court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e), *see, e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

        1.     Whether the indigent's claims seem likely to be of substance;

    2.    Whether the indigent is able to investigate the crucial facts concerning his claim;

    3.    Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

    4.    Whether the legal issues involved are complex; and

    5.    Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d at 392; *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law and finds, pursuant to the standards promulgated by *Hendricks*, 114 F.3d at 392, and *Hodge v. Police Officers*, 802 F.2d at 58, that the appointment of counsel is not necessary at this

time.  As stated above, a plaintiff seeking the appointment of counsel must demonstrate a likelihood of success on the merits.  *See id.*  This, plaintiff has failed to do.  Moreover, the legal issues in this case do not appear to be complex, and plaintiff has demonstrated his ability to conduct discovery and litigate this action.  Finally, plaintiff's case does not present any special reasons justifying the assignment of counsel.  On this record, plaintiff's request for the appointment of counsel **(Docket # 62)** is **DENIED without prejudice** at this time.  It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*.  28 U.S.C. § 1654.

**Motion for Extension of Time**

On January 6, 2014, plaintiff filed a motion for a 90-day extension of time to complete discovery.  (Docket # 64).  This Court issued a motion scheduling order on January 16, 2014, directing responsive papers to be filed by February 3, 2014.  (Docket # 66).  Defendants have not responded or otherwise opposed plaintiff's motion.

It appears that plaintiff has served and filed the interrogatories for which he seeks an extension.  (*See* Docket # 67).  The docket does not reflect whether defendants have responded.  If they have not, they shall respond by no later than **June 13, 2014**.  If the plaintiff's request pertains to discovery requests served by defendants, the plaintiff shall respond to those requests by no later than **June 13, 2014**.

Accordingly, plaintiff's motion for an extension of time **(Docket # 64)** is

**GRANTED in part and DENIED in part**.

**IT IS SO ORDERED.**

                                                *s/Marian W. Payson*
                                                MARIAN W. PAYSON
                                              United States Magistrate Judge

Dated: Rochester, New York
       May   12  , 2014