UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JAMES J. MORAN

              Plaintiff,

     v.

DONALD LIVINGSTON, et al.,

              Defendants.
_____

DECISION & ORDER

10-CV-6178W

Currently pending before this Court is plaintiff's motion to compel defendants to respond to his Requests for Production of Documents and Interrogatories. (Docket #72). Also pending is a motion by plaintiff for a ninety-day extension of deadlines for completion of fact discovery and motions to compel. (Docket #76).

In response to the motion to compel, counsel for defendants acknowledged their delinquency in responding to the interrogatories and represented that it owed to a combination of oversight and difficulty in accessing the requests through the electronic filing system. (Docket # 75). Three weeks after plaintiff filed his motion to compel, defendants provided the belated responses. (*See* Docket # 74). Plaintiff has not advised this Court through any subsequent filings that he perceives any deficiencies in the interrogatory responses.

With respect to his document requests, plaintiff references Docket Nos. 31 and 36. Docket No. 31 is a letter request for "anything in writing or e-mail or logs from 8/1/08 - 8/19/08 that reference me, my medical issue, my grievance or any other complaint that the defendants have in their possession." (Docket # 31). Docket No. 36 is not a discovery request; rather, it is a

request for an extension of time to conduct discovery. In response to the motion, counsel for defendants has represented that plaintiff has been provided with all documents relating to his detention in the custody of the Erie County Sheriff's Department during the period from which the pending claims arise. (Docket # 75 at ¶¶ 11-12). Plaintiff has not provided this Court any reason to doubt that representation. The Court cannot compel production of that which does not exist. *See*, *e.g.*, *Funderburke v. Canfield*, 2014 WL 6390577, *1 (W.D.N.Y. 2014); *Hallmark v. Cohen & Slamowitz, Midland Funding LLC*, 302 F.R.D. 295, 299 (W.D.N.Y. 2014); *American Banana Co., Inc. v. Republic Nat'l Bank of N.Y.*, 2000 WL 521341, *3 (S.D.N.Y. 2000).

On this record, plaintiff's motion to compel **(Docket # 72)** is **DENIED AS MOOT**.

Finally, plaintiff's motion for a ninety-day extension of deadlines **(Docket # 76)** is **GRANTED**. Although numerous extensions have previously been granted (*see* Docket ## 23, 37, 40, 43, 58, 71), one further ninety-day extension is appropriate considering defendants' admitted five-month delay in responding to plaintiff's interrogatories. Accordingly, the deadlines shall be amended as follows:

1. All discovery in this case shall conclude on **May 25, 2015**. All motions to compel discovery shall be made returnable on or before **May 25, 2015**.

2. All dispositive motions shall be filed no later than **July 24, 2015**.

**NOTE: If the dispositive motion is filed against a party who is appearing in this action *pro se*, the moving party must include the advisement set forth in the notice attached to this Order.**

3. Responding papers are due by **August 24, 2015**. Reply papers, if any, shall be filed by **September 14, 2015**. The motion will be taken under advisement without oral argument.

4. If no dispositive motions are filed, defense counsel shall notify the Court in writing on or before the dispositive motion deadline date.

5. No extension of the above cutoff dates will be granted except upon written joint motion, filed prior to the cutoff date, showing good cause for the extension.

6. **In accordance with Fed. R. Civ. P. 16(f), if a party or party's attorney fails to obey this scheduling order or fails to participate in good faith, this Court will enter appropriate sanctions against that party or that party's attorney, including dismissal of this action, if appropriate.**

**IT IS SO ORDERED.**

                                                  *s/Marian W. Payson*
                                                  MARIAN W. PAYSON
                                                United States Magistrate Judge

Dated: Rochester, New York
       February  24 , 2015